IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE STUART, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 08-1693 |
| | : | |
| NATIONAL RAILROAD | : | |
| PASSENGER CORPORATION | : | |
| (AMTRAK), et al. | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                  June 6, 2008

      This personal injury action was filed in the Court of Common Pleas of Philadelphia County and removed to this court by third-party defendant Benny Funck. The plaintiff has timely objected to removal. I will grant plaintiff's petition for remand to state court, because (1) third-party defendant Funck has not established a "separate and independent claim" permitting the exercise of federal jurisdiction over an otherwise non-removable claim, and (2) Funck cited an improper basis for federal jurisdiction to permit removal under § 1441(c).

**I.    BACKGROUND**

      This action arises from an automobile/pedestrian collision that occurred on Musser Road near Harrisburg Avenue in East Donegal Township, Pennsylvania, on September 21, 2007. Plaintiff claims he was injured when struck by an automobile while directing traffic in the course and scope of his employment with Amtrak. On June 26, 2007,

1

plaintiff filed a Complaint under the Federal Employer's Liability Act ("FELA") against Amtrak in the Court of Common Pleas of Philadelphia County.  Amtrak filed an Answer on March 14, 2008, then joined the additional defendant, Benny Funck, driver of the vehicle that allegedly struck Mr. Stuart, on March 17, 2008.  On April 9, 2008, Funck filed a Notice of Removal to federal court on the basis of diversity jurisdiction.[1]

Plaintiff objected to removal and requested a remand under 28 U.S.C. § 1445, which, he argues, bars removal of matters raised under FELA.  Plaintiff cites two cases in support of his argument, Bennett v. Conrail, No. 88-3337, 1988 U.S. Dist. Lexis 10012, (E.D. Pa. Sept. 12, 1988), and Crews v. Seaboard C.L.R., 413 F. Supp. 679 (M.D. Fla 1976).

Benny Funck and Amtrak have both responded to plaintiff's objection, arguing that the authority cited by plaintiff was undermined when Gamble v. Central of Georgia Ry. Co. 486 F.2d 781 (5th Cir. 1973) was overruled, at least in part, by Lirette v. N.L. Sperry Sun, Inc., 820 F.2d 116, 118 (5th Cir. 1987) ("The language in Gamble which construes the nonremovability provision of § 1445 in strict jurisdictional terms is overruled.").

While Funck seeks severance of the FELA claim in the event the court remands on § 1445 grounds, Amtrak opposes this alternative, seeking to litigate its contribution claim

---

[1] See Notice of Removal, Doc. #1 ¶ 7 (stating that Plaintiff is a citizen of New Jersey, that Defendant Amtrak is a citizen of the District of Columbia, and that Defendant Funck is a citizen of Pennsylvania).

alongside its defense of the plaintiff's FELA action–whether in state or federal court. Under § 1441(c), the court has broad discretion to sever or remand the case in its entirety. Based on reasons further outlined below, I will remand the entire case.

## II.   DISCUSSION

"The question for the court presented with a motion to remand is whether the case was removable as pending in the state court."  The Milton S. Hershey Medical Center v. Grinnage, et al., No. 07-0539, 2007 U.S. Dist. Lexis 85635, at *4 (M.D. Pa. Nov. 20, 2007); see also 28 U.S.C. §§ 1441(a), 1446; United States Express Lines, Ltd. v. Higgins, 281 F.3d 383, 389 (3d Cir. 2002); Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).  The court must therefore determine whether third-party defendant Funck properly removed this case to federal court under 28 U.S.C. § 1441(c).[2]

Many federal courts have held that § 1445's non-removal provision does not apply to removal under § 1441(c), where a separate and independent removable claim is joined with a non-removable claim.  See, e.g., Newton v. Coca-Cola Bottling Co. Consolidated, 958 F. Supp. 248, 250-51 (W.D.N.C. 1997); Roser v. Belle of New Orleans, L.L.C., No. 03-1248, 2003 U.S. Dist. Lexis 16465, *7-8 (E.D. La. Sept. 12, 2003).  However, no party

---

[2]Section 1441(c) provides:
> Whenever a *separate and independent claim* or cause of action within the jurisdiction conferred by *section 1331* of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (emphasis added).

to this action has acknowledged that there is a nearly intractable split of authority on the ability of a third-party defendant, such as Funck, to remove a case to federal court.  See especially, Hershey Medical Center, 2007 U.S. Dist. Lexis 85635, at *8 n.6 ("Courts are irreconcilably divided" on the issue of third-party removal) (citing Judge Rambo in Sterling Homes, Inc. v. Swope, 816 F. Supp. 319, 320 (M.D. Pa. 1993)).[3]

A stronger basis for granting plaintiff's petition to remand exists in this case.  The United States Supreme Court has held that claims based on the same "interlocked series of transactions" are not "separate and independent" for § 1441(c) purposes.  See id. at *11-12 (citing Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 14 (1951)).  "Where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."  Am. Fire, 341 U.S. at 14; see also Hershey Medical Center, 2007 U.S. Dist. Lexis 85635, at *14 (holding that a joinder complaint which "amounts to a claim for indemnification" does not state a separate and independent claim).  In the present case, Amtrak's joinder complaint stated a textbook contribution claim against Funck, seeking to apportion any liability for damages stemming from the injuries plaintiff sustained in the

---

[3]For an exhaustive analysis of the status of the enduring split over third-party removal, see Sterling Homes, 816 F. Supp. at 320-27 (discussing *inter alia* the lack of Third Circuit authority on the question).  The court's conclusion: "without a clearer pattern among the district courts in this circuit, without more appellate courts having concluded that third party defendants may remove, and with the presumption against removal in ambiguous cases, this court will follow the majority rule among courts and commentators that only first party defendants may remove an action to federal court."  Id. at 327.  I need not enter the fray, however, because two independent grounds for remand exist in the present case, as discussed, *infra*.

subject automobile accident–a single transaction.  Resolution of one claim depends directly on the outcome of the other.  Therefore, removal under § 1441(c) was improper because there is no separate and independent, removable claim justifying removal of plaintiff's FELA claim.  The case must be remanded to state court on this ground.

Finally, Funck's removal was based upon diversity jurisdiction, under 28 U.S.C. § 1332, which is an improper jurisdictional basis for triggering the procedural operation of 28 U.S.C. § 1441(c).[4]  (See Notice of Removal, Doc. # 1 ¶ 8); see also Roxbury Condominium Association, Inc. v. Cupo Agency, et al., 316 F.3d 224, 227 (3d Cir. 2003) ("Section 1441 is a procedural rather than a jurisdictional statute. . . . Removal jurisdiction under section 1441 is therefore wholly derived from original federal jurisdiction.").[5]

### III.  CONCLUSION

In light of the above, I will remand the case to the Court of Common Pleas, Philadelphia County, Pennsylvania.  An appropriate Order follows.

---

[4] Funck would likely find it difficult to show that any provision of 28 U.S.C. § 1441 would permit removal by a third-party defendant on the basis of federal diversity jurisdiction. See, e.g., Hershey Medical Center, 2007 U.S. Dist. Lexis 85635, at *6 (discussing "overwhelming majority of federal courts" finding unavailability of removal under section 1441(a) to third-party defendants).

[5] Amtrak has objected to Mr. Funck's suggestion that the FELA claim be severed, permitting adjudication of the contribution claim in federal court  (See Amtrak's Response to Pl.'s Mot. to Remand, Document #7).  Because the contribution claim is not an independent ground under § 1441, Mr. Funck's request to remove that claim to federal court is improper in any event, rendering Amtrak's request moot.  See Hershey Medical Center, 2007 U.S. Dist. Lexis 85635, at *14.  The entire case, including the third-party contribution claim against Funck, must be remanded to state court.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE STUART, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 08-1693 |
| | : | |
| NATIONAL RAILROAD | : | |
| PASSENGER CORPORATION | : | |
| (AMTRAK), et al. | : | |
| Defendants | : | |

**O R D E R**

**STENGEL, J.**

    **AND NOW**, this 6th day of June, 2008, upon consideration of plaintiff's Motion to Remand (Document #2), it is hereby **ORDERED** that:

(1)     the plaintiff's Motion to Remand is **GRANTED**;

(2)     the case is **REMANDED** to the Court of Common Pleas of Philadelphia County, Pennsylvania; and

(3)     the Clerk of the District Court is directed to **CLOSE** this case for all purposes.

                                                                     BY THE COURT:

                                                                 /s/ Lawrence F. Stengel
                                                                  LAWRENCE F. STENGEL, J.